UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ING GLOBAL,                            :
                                       :
               Plaintiff,            :
                                       :
               -v-                   :
                                       :
UNITED PARCEL SERVICE OASIS SUPPLY     :   11 Civ. 5697 (JSR)
CORP.; BONE SAFETY SIGNS, LLC; DOUG    :
VOLLENWEIDER; MICHAEL ROSE; and JAMES  :   ORDER
THOMPSON,                              :
                                       :
               Defendants.           :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

    Plaintiff ING Global brings this action against defendants United Parcel Service Oasis Supply Corporation ("UPS"); three employees of UPS, Doug Vollenweider, Michael Rose, and James Thompson (the "Individual Defendants"); and Bone Safety Signs. Plaintiff alleges that defendant UPS breached its contract with ING, and that UPS and its employees fraudulently induced plaintiff to enter into that contract.[1] On October 13, 2011, UPS and the Individual Defendants moved to dismiss all claims against the Individual Defendants; they also moved to dismiss the fraud claim as asserted against UPS.[2] The Court hereby grants that motion in its entirety. Specifically, the Court concludes that it lacks personal jurisdiction over the Individual Defendants; therefore, all claims against the Individual Defendants are dismissed with prejudice. As

---

[1] Plaintiff also alleges that Bone Safety tortiously interfered with the contract and engaged in unfair competition, but those claims are not at issue here because Bone Safety did not file a motion to dismiss.

[2] UPS did not move to dismiss the breach of contract claim (Count One).

to the fraud claim (Count Three) as asserted against UPS, the Court concludes that plaintiff has failed to state that claim with the particularity required by Federal Rule of Civil Procedure 9(b). Count Three, as asserted against UPS, is therefore dismissed without prejudice to the plaintiff re-pleading that claim within ten days of the date of this order.[3] An opinion explaining the reasons for this ruling will issue in due course.

The Clerk of the Court is directed to close document number 13 on the docket of this case.

SO ORDERED.

Dated:   November 16, 2011
         New York, NY

JED S. RAKOFF, U.S.D.J.

---

[3] Plaintiff has "voluntarily dismisse[d]" its claim for specific performance (Count Two). See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 2 n.3.

2